IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DELORES L. KNIGHT,**

      **Plaintiff,**

v.                                      **Case No. 1:20-cv-00408**

**ANDREW SAUL,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On June 12, 2020, Plaintiff, Delores L. Knight ("Knight"), proceeding *pro se* and incarcerated at FPC Alderson in Alderson, West Virginia, filed a Complaint seeking review of an action taken by the Social Security Administration ("SSA"). (ECF No. 1). Pending before the court is Defendant's Motion to Dismiss Complaint. (ECF No. 11). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

After thoroughly considering the arguments and supporting materials, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss Complaint, (ECF No. 11); **DISMISS** Knight's complaint (ECF No. 1), with prejudice; and **REMOVE** this case from the docket of the Court.

**I.**    **Relevant Facts and Procedural History**

In June 2020, Knight filed a complaint, asserting that she has been unlawfully

1

denied her Social Security retirement benefits while incarcerated. (ECF No. 1 at 1). In Count One, Knight claims that her retirement checks were withheld under GN 02607.160, Title II of the Social Security Program Operations Manual System. (*Id.*). However, Knight claims that, as a retirement benefits recipient, she is not subject to Title II restrictions on her benefits in the same way as a disability benefits recipient. (*Id.*). She argues that she is being denied due process by the denial of her retirement benefits. (*Id.*). In Count Two, Knight asserts that she has written the SSA several times regarding this matter without a response. (*Id.* at 2). She requests that this court "restore her retirement benefits immediately" and claims that she has been without an income for thirty-five months. (*Id.*).

On November 19, 2020, Andrew Saul, the Commissioner of the SSA ("Commissioner"), filed a motion to dismiss the complaint. (ECF No. 11). The Commissioner moves the court to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that Knight has failed to exhaust her administrative remedies; thereby, depriving this court of subject matter jurisdiction. (*Id.* at 1). In an accompanying memorandum of law, the Commissioner argues that, under the Social Security Act, judicial review is permitted only in accordance with 402 U.S.C. § 405(g), which authorizes judicial review only after a claimant has exhausted administrative remedies and obtained a "final decision." (ECF No. 12 at 4-5). The Commissioner further contends that Knight has not exhausted her administrative remedies and has not received a judicially reviewable final decision after a hearing. (*Id.*). The Commissioner explains that Knight received a letter from the SSA notifying her that her retirement benefits would be suspended beginning in July 2017, because she was imprisoned for the conviction of a crime. (*Id.* at 5-6; ECF No. 11-2). The letter afforded

Knight the opportunity to file a request for reconsideration, which the Commissioner claims Knight did not do. (ECF No. 12 at 6; ECF No. 11-2 at 3). However, in November 2020, the SSA provided Knight with a second opportunity to seek reconsideration review and, ultimately, a "final decision after a hearing." (ECF No. 12 at 6; ECF No. 11-4). The Commissioner contends that until Knight exhausts her administrative remedies, this court lacks jurisdiction to review her claim. (ECF No. 12 at 6).

Knight filed a reply to the Commissioner's motion to dismiss on December 28, 2020. (ECF No. 14). She argues that she is entitled to relief in the form of retirement benefits for the months of August 2017 through September 2020. (*Id.* at 2). Knight claims that she "earned her legal, lawful retirement benefits when she [worked] and [paid] social security taxes and [earned] 'credit.'" (*Id.*). Knight contends that 42 U.S.C. § 423 only concerns disability benefits, and she does not receive disability benefits. (*Id.* at 3). She similarly asserts that 42 U.S.C. § 405(g) applies only to disability benefits and, thus, has no bearing on whether she receives retirement benefits. (*Id.* at 4). Therefore, Knight claims, she is not required to appeal the decision of SSA pursuant to § 405 (g). (*Id.*).

II. **Standard of Review**

The Commissioner seeks dismissal under Fed. R. Civ. P. 12(b)(1) on the basis that Knight failed to exhaust her administrative remedies prior to filing suit. A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would

3

receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The party asserting subject matter jurisdiction carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Courts are required to liberally construe pro se complaints, such as the one filed in this action. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

#### A. Exhaustion of Administrative Remedies

A motion to dismiss under Fed. R. Civ. P. Rule 12(b)(1) is the appropriate avenue by which to raise the defense of failure to exhaust administrative remedies. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1990); see also *Desrosiers v. Ganaway*, Civil No.

4

8:10–CV–00687–AW, 2010 WL 4485566, at *2 (D. Md. Nov. 9, 2010) (dismissing claim pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies as required by 28 U.S.C. § 2675). The doctrine of exhaustion of administrative remedies provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

42 U.S.C. §§ 405(g) provides the jurisdictional basis for judicial review of Social Security cases. 42 U.S.C. § 405(g) states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. §§ 405(g). As indicated by the language of this provision, while judicial review of SSA actions is permitted, that review is limited to "a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Jarrett v. United States,* 874 F.2d 201, 204 (4th Cir. 1989; *also Califano v. Sanders*, 430 U.S. 99, 108 (1977). Moreover, § 405(h) makes clear that the jurisdiction authorized under § 405(g) is *exclusive*, stating:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). The term "final decision" is undefined in the Social Security Act, and

5

its meaning is left to the Commissioner to "flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 751 (1975). The relevant regulation is 20 C.F.R. § 404.900(a), which indicates that the four-step administrative review process to obtain a judicially reviewable final decision includes (1) an initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review.

There is no evidence to substantiate that Knight has exhausted her administrative remedies. Indeed, Knight concedes to the contrary, admitting that she has not completed the administrative review process because she believes that the process does not apply to her. (ECF No. 14 at 4). However, Knight is incorrect in claiming that the SSA's Title II system does not apply to retirement benefits recipients. She is required as per the agency's regulations to obtain a final decision after a hearing before receiving a judicial review. Knight received SSA's August 29, 2017 letter notifying her that SSA determined that it would no longer pay her monthly benefits beginning in July 2017 due to her imprisonment. She never filed a request for reconsideration or completed the other steps of the administrative process. Therefore, the undersigned **FINDS** that Knight's claim is not exhausted, precluding this court's subject matter jurisdiction over the claim.

B. **Knight's Claim Fails on the Merits**

Even if Knight had completed the administrative review process, her claim would be denied on the merits of the case. 42 U.S.C. § 402(x) states in relevant part,

> (A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual—
>
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense.

The Commissioner's interpretation of § 402(x) "effectively suspends retirement (as

opposed to disability) benefits for all otherwise qualified prisoners." *Davis v. Bowen*, 825 F.2d 799, 801 (4th Cir. 1987). The law is well-settled that § 402(x) is constitutional and the suspension of retirement benefits "does not violate due process or equal protection." *Id.* at 800 (citing *Zipkin v. Heckler*, 790 F.2d 16 (2nd Cir. 1986); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152 (10th Cir. 1985). As the *Davis* Court explained: "This blanket suspension is consistent with the statutory grant of discretion and rationally promotes the legitimate underlying congressional policy goal of conserving scarce social security resources where a prisoner's basic economic needs are provided from other public sources." *Id.* at 801. The Second Circuit, upon which *Davis* relies, added that it could "perceive no reason why prisoners whose retirement benefits are suspended would have a need for replacement of income while prisoners whose disability benefits are suspended do not. Rather, prisoners, as a group, do not have the need for a continuing source of income that non-prisoners typically may have." *Zipkin*, 790 F.2d at 18.

Consequently, the suspension of Knight's retirement benefits payments was appropriate under 42 U.S.C. § 402(x). The SSA did not, as Knight claims, make a mistake in suspending her benefits payments. Therefore, the undersigned **FINDS** that Knight's due process rights were not violated, and her claim would be subject to dismissal even if she completed the mandated administrative review process.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendants' Motion to Dismiss Complaint (ECF No. 11), be **GRANTED**; Knight's complaint, (ECF No. 1), be **DISMISSED**, with prejudice; and this case be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and counsel of record.

**FILED:** July 9, 2021

Cheryl A. Eifert
United States Magistrate Judge